UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT JOSEPH LUMPKIN,

           Plaintiff,

   v.

DICROSE et al,

           Defendants.

CASE NO. 2:21-cv-00032-JLR-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 23, 2021

     The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Chief Magistrate Judge J. Richard Creatura. Plaintiff, proceeding *pro se*, initiated this civil rights action on January 11, 2021. Dkt. 1.

     On March 1, 2021, the undersigned recommended dismissal of plaintiff's § 1983 complaint without prejudice based on plaintiff's motion for voluntary dismissal filed on January 26, 2021. Dkt. 4, 6. The undersigned also recommended plaintiff's application to proceed *in forma pauperis* be denied as moot. *See id.*

REPORT AND RECOMMENDATION - 1

1      On March 17, 2021, plaintiff filed objections asking the Court to strike his prior motion
2  for voluntary dismissal. Dkt. 11. Plaintiff stated when he filed his motion for voluntary dismissal,
3  he was suffering from medical issues that have since been resolved through medical treatment.
4  *Id.* Plaintiff also filed a new application to proceed IFP. Dkt. 11-1.
5      On April 1, 2021, based on plaintiff's objections, the Honorable James L. Robart
6  declined to adopt the undersigned's report and recommendation to the extent it recommended
7  dismissal of plaintiff's complaint and directed the Clerk's Office to note on the docket that
8  plaintiff had withdrawn his motion for voluntary dismissal. Dkt. 12. District Judge Robart also
9  found plaintiff's IFP application was deficient because plaintiff had failed to submit a certified
10 copy of his prison trust account statement. Dkt. 12 at 2. District Judge Robart ordered plaintiff to
11 submit a certified copy of his prison trust account statement within thirty days of the Court's
12 order and advised plaintiff that his failure to timely comply may once again result in dismissal of
13 this action. Dkt. 12 at 2-3. On April 1, 2021, plaintiff filed another deficient IFP application, and
14 again failed to submit his prison trust account statement. Dkt. 13, 14. The same day, the Clerk's
15 Office sent plaintiff a letter advising him of the deficiency and ordered plaintiff to correct the
16 deficiency by May 3, 2021. Dkt. 14.
17     On April 9, 2021, mail addressed to plaintiff was returned as "Return to Sender Not at
18 SCORE Jail - Unable to Forward". Dkt. 15, 16. On May 13, 2021, plaintiff filed a change of
19 address indicating he had been released from custody. Dkt. 17. On May 18, 2021, the Clerk's
20 office sent plaintiff a non-incarcerated IFP form, indicating his most recent IFP application was
21 still deficient. Dkt. 18. Plaintiff was ordered to correct the IFP deficiency by June 17, 2021. *Id.*
22     Plaintiff has failed to comply with or respond to the Court's orders. Plaintiff has not filed
23 a sufficient IFP application or paid the filing fee. *See* Dkt. As plaintiff has failed to comply with
24

the Court's orders and prosecute this case, the Court again recommends this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 23, 2021** as noted in the caption.

Dated this 6th day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge